UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO PERDOMO RIVERA,<br><br>  Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, et al.,<br><br>  Respondents. | Case No. 5:26-cv-04197-KES<br><br>ORDER GRANTING THE PETITION AND ORDERING PETITIONER'S RELEASE FROM CUSTODY |

## I.  INTRODUCTION

Alberto Perdomo Rivera ("Petitioner") filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition" at Dkt. 1), challenging Petitioner's detention by the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE").  The parties have consented to the jurisdiction of the Magistrate Judge.  (Dkt. 10.)  The Petition is granted and Respondents are directed to immediately release Petitioner from custody.  Petitioner alleges that he was subject to an illegal warrantless arrest and illegal mandatory detention under

## II.  PROCEDURAL HISTORY

Petitioner filed the present Petition on July 27, 2026.  (Dkt. 1.)  The Petition

1

raises the following claims:

Ground 1: Respondents violated 8 U.S.C. § 1357(a)(2) and 8 C.F.R. § 287.8(c)(2)(ii) by arresting him without a warrant, even though they did not have probable cause to believe he was a flight risk.  (Pet. at 5-6, ¶¶ 22-30.)

Ground 2: Respondents are wrongfully detaining Petitioner without a bond hearing under 8 U.S.C. § 1225(b)(2), even though he is a member of the class certified in Maldonado Bautista v. Santacruz, 813 F. Supp. 3d 1084 (C.D. Cal. 2025) ("Maldonado Bautista").  (Pet. at 6-8, ¶¶ 31-41.)

The Petition seeks: (1) Petitioner's immediate release from custody "without the imposition of any restraints on his liberty, such as reporting requirements, GPS, or electronic monitoring and that Respondents return any confiscated property and documents to Petitioner upon his release"; and (2) an injunction prevent Respondents from re-detaining Petitioner "without first providing at least 7 days' notice and a pre-deprivation bond hearing before an Immigration Judge ["IJ"] at which the Government bears the burden of proof to show by clear and convincing evidence that Petitioner is a flight risk or a danger to the community and that no condition or combination of conditions could reasonably assure Petitioner's future appearance and/or the safety of the community, and the [IJ] must conduct an individualized assessment of Petitioner's suitability for bond in light of the forgoing standard."  (Pet. at 8-9.)

On July 29, 2026, the Court issued its Standing Order for § 2241 Immigration Petitions, which stated in relevant part, "**Failing to file an answer by the due date−or filing an answer that fails to substantively respond to any claim in the petition−may result in the Court granting the petition or claim as unopposed.**"  (Dkt. 7 at 1-2) (emphasis in original).

Respondents answered the Petition on August 4, 2026.  ("Answer" at Dkt. 9.)  The Answer admits that "Petitioner appears to be entitled to request and receive an initial bond hearing pursuant to" Rodriguez Vazquez v. Bostock, ---

F.4th ----, No. 25-6842, 2026 WL 2196424, at *3, 2026 U.S. App. LEXIS 22798, at *12 (9th Cir. July 30, 2026) ("Rodriguez Vazquez"), a recent Ninth Circuit decision that is consistent with Maldonado Bautista.  (Answer at 2.)  They argue, "[T]o the extent Petitioner would be entitled to any remedy via the Petition, at most it would be ordering a bond hearing to be held before an [IJ] under § 1226(a)," and "to the extent the instant Petitioner has not yet requested such a bond hearing from the Immigration Court, the Petitioner has not yet properly exhausted their available administrative remedies…."  (Id.)  The Answer does not address Ground 1 of the Petition, the claim that Petitioner's arrest was warrantless and therefore illegal.

Petitioner replied on August 5, 2026.  ("Reply" at Dkt. 11.)  Petitioner points out Respondents' lack of response to Ground 1 and argues this merits immediate release from detention, not simply a bond hearing.  (Id. at 2.)

## III.  FACTUAL RECORD

The following facts are taken from the Petition and the exhibits attached thereto.  Respondents' Answer does not dispute any of these facts or attach any exhibits.

Petitioner was arrested by immigration authorities and placed in removal proceedings on or about June 1, 2026.  (Pet. at 4, ¶ 17); see also Executive Office for Immigration Review ("EOIR"), Automated Case Information, https://acis.eoir.justice.gov/en/ (A# 221-462-485 (Mexico), last accessed Aug. 5, 2026).  Petitioner was issued a Notice to Appear alleging that he entered the United States without inspection or admission under 8 U.S.C. § 1182(a)(6)(A)(i).  (Pet. at 4, ¶ 19.)  Immigration officers arrested Petitioner without a warrant or an independent assessment of whether Petitioner was a flight risk.  (Pet. at 4, ¶ 18.)

On July 14, 2026, an IJ denied Petitioner release on bond, finding the IJ lacked jurisdiction to do so under Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025) because Petitioner "was detained under section 235(b)(2) of the [INA], as an applicant for admission per section 235(a)(1) of the [INA]…."  (Pet. at 4,

3

¶ 21; Pet. Ex. 2 / Dkt. 1-1 at 10-19 (the IJ's order).)

Petitioner has not been ordered removed from the U.S.  He has a master hearing currently scheduled for August 7, 2026.  See EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/ (A# 221-462-485 (Mexico), last accessed Aug. 5, 2026).

He remains in immigration custody in Adelanto, California.  See ICE Detainee Locator, https://locator.ice.gov/odls/ (A# 221-462-485 (Mexico), last accessed Aug. 5, 2026).

## IV.   DISCUSSION

### A.   Petitioner is Entitled to Relief on Ground 1, and the Court Will Grant Release from Custody.

#### 1.   Legal Standard.

Because generally "it is not a crime for a removable alien to remain present in the United States," then "[i]f the police stop someone based on nothing more than possible removability, the usual predicate for an arrest is absent."  Arizona v. United States, 567 U.S. 387, 407 (2012).  "The federal statutory structure instructs when it is appropriate to arrest an alien during the removal process."  Id.  The Immigration and Nationality Act ("INA") provides, "*On a warrant* issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States."  8 U.S.C. § 1226(a) (emphasis added).

"If no federal warrant has been issued, [federal immigration] officers have more limited authority" to arrest noncitizens under 8 U.S.C. § 1357(a).  Arizona, 567 U.S. at 407.  An immigration officer may arrest a noncitizen if the officer "has reason to believe that the alien … is in the United States in violation of … law or regulation *and is likely to escape before warrant can be obtained for his arrest*…."  8 U.S.C. § 1357(a)(2) (emphasis added); see also 8 C.F.R. § 287.8(c)(2)(ii) ("A warrant of arrest shall be obtained except when the designated immigration officer

has reason to believe that the person is likely to escape before a warrant can be obtained."). Thus, "a warrantless arrest requires an individualized assessment of the person's flight risk." United Farm Workers v. Noem, 785 F. Supp. 3d 672, 735 (E.D. Cal. 2025); see also Castanon Nava v. Dep't of Homeland Sec., 806 F. Supp. 3d 823, 854 (N.D. Ill. 2025) (listing factors courts consider in deciding whether the person was a flight risk).

### 2.      Analysis.

Petitioner alleges that he was arrested without a warrant and without an individualized assessment of flight risk. Respondents fail to respond to this allegation or provide any evidence that his arrest was lawful. Accordingly, Petitioner is entitled to relief on Ground 1 of the Petition.

The appropriate relief on this claim is release from custody. See, e.g., Mora Yanez v. Johnson, No. 26-cv-03518-SRM-ACCV, 2026 WL 2121260, at *2 (C.D. Cal. July 16, 2026); Urias v. Semaia, No. 26-cv-02753-DTB, 2026 WL 1710375, at *6 (C.D. Cal. June 10, 2026); Marin v. Noem, No. 25-cv-09343-CV-SSC, 2025 WL 3158094, at *3 (C.D. Cal. Oct. 4, 2025).[1]

---

[1] The Court respectfully disagrees with some recent district court decisions finding that an improper warrantless arrest by immigration authorities does not warrant release from custody. See, e.g., Jacinto Chacon v. Mullin, No. 26-cv-03294-RAO, 2026 WL 2127177, at *3 (C.D. Cal. July 21, 2026). Those cases cite language from U.S. ex rel. Bilokumsky v. Tod, 263 U.S. 149 (1923), where the petitioner was challenging the validity of a deportation order based on an allegedly illegal arrest. It is questionable whether many aspects of this case remain good law. See generally F.R.P. v. Wamsley, No. 25-cv-01917-AN, 2026 WL 482184, at *3, n.1 (D. Or. Feb. 19, 2026) (discussing major changes in immigration law since Bilokumsky was decided). Regardless, the present case is distinguishable because Petitioner is not challenging a removal order but rather the legality of his detention during removal proceedings. A lack of statutory authority for his warrantless arrest renders that detention illegal and justifies release from custody.

**B.     Petitioner is Entitled to Relief on Ground 2, and the Court Will Grant Declaratory Relief.**

The Ninth Circuit recently held that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." Rodriguez Vazquez, 2026 WL 2196424, at *3, 2026 U.S. App. LEXIS 22798, at *12. Although neither party provides any facts about how or when Petitioner entered the U.S., Respondents admit that Petitioner "appears to be entitled to request and receive an initial bond hearing pursuant to" Rodriguez Vazquez. (Answer at 2.) To the extent Respondents argue that Petitioner failed to administratively exhaust because he "has not yet requested such a bond hearing from the Immigration Court" (Answer at 2), the Petition attaches an IJ order denying bond on this basis. (Pet. Ex. 2 / Dkt. 1-1 at 10-19 (the IJ's order)).

Because this order finds that Petitioner is entitled to release from custody, ordering Respondents to provide Petitioner with a bond hearing is inappropriate at this time. However, because Respondents may seek to re-detain Petitioner during his ongoing removal proceedings, the Court will find and declare that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A).

**C.     Other Requests for Injunctive Relief are Denied.**

To the extent Petitioner seeks an order enjoining Respondents from imposing "reporting requirements, GPS, or electronic monitoring" (Pet. at 8), it is unclear whether Petitioner was previously subject to monitoring or reporting requirements, or why Petitioner believes that imposing such requirements would be illegal.

To the extent Petitioner seeks injunctive relief requiring Respondents to provide him with a pre-deprivation bond hearing before any future arrest, the Petition likewise fails to explain why he is entitled to such relief. See generally Mathews v. Eldridge, 424 U.S. 319, 333 (1976); Pinchi v. Noem, 792 F. Supp. 3d

1025 (N.D. Cal. 2025); <u>Ramos-Maldonado v. Semaia</u>, No. 26-cv-01202-SSS-AS, 2026 WL 790788, at *2, 2026 U.S. Dist. LEXIS 57088, at *6-7 (C.D. Cal. Mar. 18, 2026); <u>Omer G. G. v. Kaiser</u>, No. 25-cv-01471, 2025 WL 3254999, at *5 (E.D. Cal. Nov. 22, 2025).

Accordingly, Petitioner has not provided any facts or argument justifying these types of injunctive relief.

## V. CONCLUSION

IT IS THEREFORE ORDERED that:

1. The Petition is granted.

2. Respondents shall **immediately release** Alberto Perdomo Rivera (A# 221-462-485) from custody.

3. If Respondents have not released Petitioner **within three days** of the date of this order, Petitioner may file a request for an order to show cause re contempt.

4. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A).[2]

DATED: <u>August 6, 2026</u>      _____

KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE

---

[2] To the extent Petitioner seeks attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), Petitioner's counsel would need to file a post-judgment motion that complies with 28 U.S.C. § 2412(d)(1)(B).